# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| VICTOR VELASCO, | : | |
| Plaintiff, | : | CASE NO. 3:21-cv-1573 (MPS) |
| | : | |
| v. | : | |
| | : | |
| GONCLAVEZ | : | |
| Defendant. | : | JANUARY 3, 2022 |
| | : | |

_____

## ORDER

Plaintiff Victor Velasco, incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, filed this case under 42 U.S.C. § 1983 and the Americans with Disabilities Act. The plaintiff names one defendant, Property Officer Gonclaves. The plaintiff contends that Officer Gonclaves denied him access to courts by taking his legal papers. He also alleges that she took his books. The plaintiff seeks damages and injunctive relief.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis.*

Although detailed allegations are not required, the complaint must include sufficient facts

to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I.    Allegations[1]

The plaintiff suffers from Asperger's Syndrome, an autism spectrum disorder. ECF No. 1 at 4, Statement of Claim. He also suffers from neuropathy, lower back pain, and "debilitating dizziness," which necessitate using a walker to ambulate. *Id.*

The plaintiff was transferred to Cheshire Correctional Institution on October 28, 2021. ECF No. 1 at 10, Statement of Facts, ¶ 12. Upon arrival, a correctional officer inventoried the plaintiff's property and gave him a Property Matrix Form listing all the property items he would receive. *Id.* ¶ 13. The plaintiff signed the form but noted that all his property was not included.

---

[1] In the section of the Complaint entitled "Injury" ECF No. 1 at 6-8, the plaintiff alleges many facts relating to his placement in and removal from the Security Risk Group Program, the alleged reasons for his transfer to Cheshire Correctional Institution, and the requirement that inmates pay for copies of Administrative Directives. As he asserts no claims regarding these issues and the issues do not involve Property Officer Gonclavez who is the only defendant, these facts are not included here.

*Id.* ¶ 14.  The plaintiff believes that not all his property was transferred with him.  *Id.* ¶ 15.

On November 2, 2021, the plaintiff was ordered to go to the Admissions and Processing Room.  *Id.* ¶ 16.  To get there, the plaintiff had to walk up two steep inclines.  *Id.* ¶ 17.  The plaintiff notes that there were handrails on the hallways and believes the handrails were installed because the inclines were so steep.  *Id.*  The inclines were difficult for the plaintiff to negotiate with his walker.  *Id.*  However, the defendant requires the plaintiff to go to the Admissions and Processing Room every time he needs to access his legal papers.  *Id.*

The defendant requires the plaintiff to conduct all his legal work in a "cage" in the Admissions and Processing Room.  *Id.* ¶ 18.  He is not permitted to take any of his property back to his housing unit.  *Id.*  The plaintiff tried to explain to the defendant that this procedure did not provide him access to his legal papers because he cannot conduct legal research from the "cage" and cannot make required copies or mail legal documents.  *Id.* ¶ 19.  The defendant merely tried to start an argument with the plaintiff and then walked away.  *Id.*  The Cheshire Correctional Institution Handbook permits inmates to have legal materials in their housing units.  *Id.* ¶ 23.

The plaintiff alleges that he has had cases dismissed and others continued.  *Id.* ¶ 22.  He further alleges that he has other cases pending for which he needs his legal papers.  *Id.* Specifically, the plaintiff states that a notice that one state court case, *Velasco v. Hall*, No. HHD-CV-15-5040120-S, was dismissed for failure to prosecute was mailed to him on October 28, 2021, the day he was transferred to Cheshire Correctional Institution.  ECF No. 1 at 6, Injury, ¶ 1.  The plaintiff states that he was afforded four months, or until February 28, 2022, to reopen the dismissal.  *Id.*  The plaintiff also alleges that he has three cases before the Freedom of Information Commission that have been continued to afford him time to prepare his cases and

arguments.  *Id.* ¶ 3.  He contends that he cannot prepare these cases and does not even have the case numbers because the defendant will not permit him his legal papers.  *Id.*

II.    Analysis

    The plaintiff asserts three claims.  He contends that the defendant has deprived him of his right to meaningful access to the courts by depriving him of his legal papers and books.  He also asserts a Fourth Amendment claim for unreasonable search and seizure and a Fourteenth Amendment claim for denial of property without due process.

    A.  Denial of Access to the Courts

    To state a claim for denial of access to the courts, the plaintiff must assert non-conclusory allegations showing both that the defendant acted deliberately and maliciously, and that he suffered an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 353 (1996).  The plaintiff must allege that the defendant took, or was responsible for, actions that frustrated his efforts to pursue a nonfrivolous legal claim.  *Id.*  This actual injury requirement "is not satisfied by just any type of frustrated legal claim."  *Id.* at 354.  The Supreme Court has restricted the types of claims to direct appeals of criminal convictions, habeas petitions, and "civil rights actions—*i.e.*, actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'"  *Id.* (citation omitted).  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Id.* at 355 (emphasis in original).

    The plaintiff identifies only one case he claims constitutes an actual injury.  However, records available on the Connecticut Judicial Department website show that the case, *Velasco v. Hall*, was dismissed on March 7, 2019 as barred by a settlement agreement the plaintiff entered

in another federal case.[2]  *See*

civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHDCV155040120S

(Doc. No. 112.86).  The document mailed to the plaintiff on October 28, 2021 was the notice of

judgment of dismissal.  *See id*. (Doc. No. 113.00).  This case was dismissed over two years

before the plaintiff was transferred to Cheshire Correctional Institution and not as a result of any

action by the defendant.  Thus, it does not demonstrate an actual injury to support a claim for

denial of access to courts against the defendant.

      The plaintiff generally alleges that he has other cases before the state courts but does not

identify the subject of the cases.  Thus, the Court cannot determine whether they are the type of

case that can be considered in an access-to-courts claim and whether the legal claims therein are

nonfrivolous.  *See Burroughs v. Petrone*, 138 F, Supp. 3d 182, 209-10 (N.D.N.Y. 2015) (vague

allegations that defendants confiscated legal materials and stopped him from filing case in state

court "fail to plausibly suggest that defendants' misconduct resulted in 'actual harm' such as …

'the dismissal of an otherwise meritorious legal claim'") (citation omitted).  The plaintiff also

alleges that he has three cases before the Connecticut Freedom of Information Commission.

However, these cases are not direct appeals of criminal convictions, habeas petitions, or section

1983 actions.  Thus, they cannot support an access-to-courts claim.

      The plaintiff has not identified any case in which a meritorious legal claim was dismissed

---

[2] The Court may take judicial notice of state court records.  *See Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 402 (2d Cir. 2003) ("[I]t is appropriate for this court to affirm the district court by taking judicial notice of state court records which leave no doubt as to the correctness of the district court's determination."); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (stating "docket sheets are public records of which the court could take judicial notice").

as a result of the defendant's actions.  Thus, he fails to allege a plausible claim for denial of access to the court.  This claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  The plaintiff may file an Amended Complaint reasserting this claim if he can allege facts demonstrating an actual injury to support his access-to-courts claim.  Any new claim may include the plaintiff's books only if they are legal reference texts.

    B.  <u>Fourth Amendment Claim</u>

The plaintiff contends that the defendant "has violated the Plaintiff's right to be secure in his papers and effects as guaranteed" under the Fourth Amendment.  ECF No. 1 at 5.  The Fourth Amendment protects against the seizure of property, *i.e.*, "some meaningful interference with an individual's possessory interests in that property."  *Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 61 (1992) (internal quotation marks and citation omitted).  However, the Fourth Amendment proscription against unreasonable searches and seizures generally does not apply in prison.  *See Hudson v. Palmer*, 468 U.S. 517, 528 n.8 (1984) (Fourth Amendment proscription against unreasonable seizure does not apply in prison cell); *see also id.* at 538, 540 (1984) (O'Connor, J., concurring) ("[t]he fact of arrest and incarceration abates all legitimate Fourth Amendment privacy and possessory interests in personal effects"; "the constitutional sources that provide [prisoners'] property with protection … [are] the Fifth and Fourteenth Amendments not the Search and Seizure Clause of the Fourth Amendment"); *Conquistador v. Syed*, No. 3:19-cv-01450(KAD), 2020 WL 229319, at *4-5 (D. Conn. Jan. 15, 2020) (items taken during prisoner's transfer did not implicate a Fourth Amendment seizure).  Accordingly, any Fourth Amendment claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

    C.  <u>Fourteenth Amendment</u>

The Fourteenth Amendment Due Process Clause protects inmates against the deprivation of a protected property interest without due process of law.  A prisoner can state a due process claim for the deprivation of property only if the state has not created adequate post-deprivation remedies.  *See Edwards v. Erfe*, 588 F. App'x 79, 80 (2d Cir. 2015) (citing *Hudson*, 468 U.S. at 533).  The existence of state remedies, therefore, will determine whether a Fourteenth Amendment claim for deprivation of property without due process is cognizable in federal court.

Connecticut provides a remedy for lost or destroyed property.  *See* Conn. Gen. Stat. § 4-141, et seq.  A prisoner may bring a claim against the Connecticut Claims Commissioner unless there is another administrative remedy for his claim.  *See* Conn. Gen. Stat. § 4-142.  The Department of Correction has established an administrative remedy for lost or destroyed property.  *See* Department of Correction Administrative Directive 9.6(16)(B), available at portal.ct.gov/DOC.  Thus, a prisoner must first utilize this administrative remedy and then can proceed to the Claims Commission if his claim is denied.

Because these remedies were available to the plaintiff, he cannot state a cognizable Fourteenth Amendment property claim.  Any Fourteenth Amendment property claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

D.  Americans with Disabilities Act

Although the plaintiff states that he also brings this action under the Americans with Disabilities Act ("ADA), 42 U.S.C. § 12101, et seq., he does not reference the ADA in the section of the Complaint entitled "Statement of Claim."

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

7

services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 121342.  To state a cognizable ADA claim, the plaintiff must establish three factors: (1) he is a qualified person with a disability, (2) the defendants in their individual or official capacities are considered an entity subject to the ADA, and (3) he was denied the opportunity to participate in or benefit from an institutional program, service, or activity, or otherwise discriminated against because of his disabilities.  *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016).

The plaintiff alleges that he has Asperger's Syndrome and needs a walker to ambulate. For purposes of this order only, the Court assumes that he is a qualified person with a disability. The ADA applies to state prisons.  *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998) (holding that the ADA "unmistakably includes State prisoner and prisoners within its coverage").  Thus, the issue is whether the plaintiff has been discriminated against because of his disability.

The plaintiff has not identified any program, service, or activity he has been unable to participate in because of his disability.  He merely alleges that the prison handbook provides that an inmate may have legal materials in his housing unit, but he cannot.  Even if the Court considers this provision to be a covered activity, there are no allegations suggesting that the defendant acted because of his disability.  Thus, the plaintiff fails to allege facts supporting a plausible ADA claim.

III.  Conclusion

The Fourth and Fourteenth Amendment claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The claims for denial of access to the courts and violation of the ADA are

8

**DISMISSED** without prejudice to the plaintiff filing an Amended Complaint to re-assert only those claims if he can allege facts to correct the deficiencies identified in this order.  The Clerk is directed to close this case.  The plaintiff may file a motion to reopen, together with an Amended Complaint, within thirty days from the date of this order.

As all claims have been dismissed, the plaintiff's motion for temporary restraining order [**ECF No. 6**] is **DENIED.**

**SO ORDERED** this 3rd day of January 2022 at Hartford, Connecticut.

/s/_____
Michael P. Shea
United States District Judge

9